IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LAWRENCE HIGGINS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:21-CV-198-Z-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Lawrence Higgins ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody. (ECF 3). When he filed his federal habeas petition, Petitioner was incarcerated at the Ellis Unit in Walker County, Texas pursuant to a single Randall County conviction.[1] Petitioner was charged by indictment with murder, (ECF 13-27 at 5–8), for which he was duly convicted and, on September 14, 2001, sentenced to 35 years imprisonment. (*Id.* at 4–8).

Petitioner's federal habeas petition states he is not challenging his conviction. (ECF 3 at 6). Rather, he argues his constitutional rights were violated because the Texas Department of Criminal Justice ("TDCJ") is wrongly denying him parole, in contravention of the sentencing jury's alleged wishes and his constitutional rights. (ECF 3 at 6; *see generally* ECF 6).

Petitioner's argument necessarily fails because inmates of Texas state prisons have no constitutional right to parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process

---

[1] Inquiry to TDCJ-Correctional Institutions Division revealed Petitioner remains in custody at the Ellis Unit.

grounds."). Furthermore, parole determinations are the exclusive purview of TDCJ, not a sentencing jury. *See generally Wallace v. Quarterman*, 516 F.3d 351 (5th Cir. 2008). Simply because Petitioner alleges one or more jurors expressed a desire for him to receive parole at a certain point in his sentence does not create a liberty interest or right to habeas relief.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 2, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery*

*Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).